Edward PAULDING, Petitioner,

v.

Peter ALLEN Superintendent, Respondent.

No. CIV.A.03–10488–WGY.

United States District Court, D. Massachusetts.

Jan. 7, 2004.

Stephen B. Hrones, Hrones & Harwood, Boston, MA, for Edward Paulding, Petitioner.

Dean A. Mazzone, Attorney General's Office, Boston, MA, for Peter Allen, Respondent.

*MEMORANDUM*

YOUNG, Chief Judge.

## I. INTRODUCTION

On March 13, 2003, Edward Paulding ("Paulding") filed the present petition for writ of habeas corpus, challenging his state conviction on two grounds: (1) "[i]t was a denial of due process [for the trial judge] to not define the elements of 2nd degree murder"; and (2) "[i]t was a denial of due process for the Supreme Judicial Court to require defining of the elements of 2nd degree murder but not apply it to the

Petitioner." Pet. [Doc. No. 1] ¶ 12. The respondent, Peter Allen ("Allen"), here moved to dismiss based on Paulding's failure to exhaust available state court remedies as to the second ground ("Ground Two"). [Doc. No. 7]. By order dated July 9, 2003, this Court denied Allen's motion. Order of 7/9/03 in *Paulding v. Allen,* Civil Action No. 03–10488–WGY. This memorandum details the analysis that led to the Court's order.

## II. BACKGROUND

A jury in the Massachusetts Superior Court convicted Paulding of armed robbery, unlawful possession of a firearm, and felony-murder in the first degree. *Commonwealth v. Paulding,* 438 Mass. 1, 2 & n. 1, 777 N.E.2d 135 (2002). On appeal before the Supreme Judicial Court, Paulding argued, in part, that the trial judge violated Mass. Gen. Laws ch. 265, § 1[1] and Paulding's federal due process rights when she instructed the jury that they could find him guilty of second-degree murder, but refused to instruct on the elements of that crime. *Id.* at 3, 777 N.E.2d 135. The Supreme Judicial Court, however, rejecting its previous construction of Mass. Gen. Laws ch. 265, § 1, held that the jury need be instructed on the elements of second-degree murder only where "there would be a basis for the jury to return a verdict of murder in the second degree." *Id.* at 18, 777 N.E.2d 135. In Paulding's case, because there was "no evidence of malice ... to support a conviction of murder in the second degree, and no evidence of a felony supporting a verdict on all elements of felony-murder in the second degree," the Supreme Judicial Court determined that "the defendant can-

not show that the judge's failure to define the elements of murder in the second degree prejudiced him in any way." *Id.* at 11, 777 N.E.2d 135. As a result, the court affirmed Paulding's conviction of murder in the first degree. *Id.* at 13, 777 N.E.2d 135.

Paulding's counsel subsequently filed a Petition for Rehearing, arguing that:

> [I]t is grossly unfair to my client to change the rules of the game so to speak and deny my client the benefit of the law in effect at the time of his trial. Thus his most basic federal and state due process rights have been violated. Under the law in existence at his trial he was entitled to a meaningful instruction on second-degree murder....
>
> ....
>
> It is one thing to overturn *Dickerson* and *Brown* but, in establishing a new rule in felony-murder cases that requires an instruction on second-degree murder if malice is raised by the evidence the court must apply the new rule to the defendant and reverse. If there was ever a record that supported a finding of malice this is it since the defendant had no intent to kill but was involved in a very dangerous felony with a gun that the defendant and any reasonable person would believe might result in a death.
>
> ....
>
> The Court should order an oral rehearing of the case as the decision radically reversed the law and overturned long-time precedent.... Furthermore, the defendant was not given an adequately [*sic*] opportunity to address the

---

**1.** In *Commonwealth v. Brown,* 392 Mass. 632, 467 N.E.2d 188 (1984), the Supreme Judicial Court had held that Mass. Gen. Laws ch. 265, § 1 "requires a trial judge to instruct on murder in the first and second degrees if there is evidence of murder in the first degree, even

though there appears to be no hypothesis in the evidence to support a verdict of murder in the second degree." *Brown,* 392 Mass. at 645, 467 N.E.2d 188 (citing *Commonwealth v. Dickerson,* 372 Mass. 783, 795–96, 364 N.E.2d 1052 (1977)).

issue of whether under the new law as pronounced in this decision malice was raised by the evidence in this particular case. Resp't Supp. Answer [Doc. No. 6], Ex. 4 (Pet. for Reh'g) at 2–3. The Supreme Judicial Court denied the Petition for Rehearing on December 15, 2002. Pet. ¶ 11.

As stated above, Paulding then filed the present petition for writ of habeas corpus, challenging his conviction on two grounds. Pet. ¶ 12. Allen moved to dismiss based on Paulding's failure to exhaust available state court remedies as to Ground Two. Resp't Mot. to Dismiss at 1. Ground Two, as described in Paulding's petition, contends that "it was a denial of due process for the Supreme Judicial Court to require defining of the elements of 2nd degree murder but not apply it to the Petitioner." Pet. ¶ 12. Because Ground Two arises from the Supreme Judicial Court's affirmation of Paulding's conviction, the question before this Court was whether Paulding had satisfied the exhaustion requirement in his counsel's Petition for Rehearing.

## II. DISCUSSION

 As explained by the First Circuit, "a petitioner may satisfy the exhaustion requirement by any of the following methods: (1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right

specifically guaranteed by the Constitution." *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987) (citing *Dougan v. Ponte*, 727 F.2d 199, 201 (1st Cir.1984)). Allen contends that with respect to Ground Two, Paulding did none of these things, "cit[ing] no specific provision of the United States Constitution, nor any federal caselaw or other federal authority whatsoever." Resp't Mem. at 5. Rather, Allen asserts, Paulding made only "brief, passing reference to 'federal ... due process rights.'" *Id.* Paulding's Petition for Rehearing, however, reveals otherwise.

In addition to invoking his "most basic federal and state due process rights," Pet. for Reh'g at 1, Paulding's Petition for Rehearing raises both arguments encompassed by Ground Two. First, Paulding's counsel challenges as unfair the retroactive application of the Supreme Judicial Court's new interpretation of Mass. Gen. Laws ch. 265, § 1.[2] *Id.* at 2–3 (characterizing as "grossly unfair" the Supreme Judicial Court's decision to "change the rules of the game" by applying a construction that "radically reversed the law and overturned long-time precedent"). Second, Paulding's counsel asserts that even assuming proper application of the new interpretation, his client was denied an adequate opportunity "to address the issue of whether under the new law as pronounced in this decision malice was raised by the evidence." *Id.* at 3. The above arguments are effectively identical to those raised by Ground Two, and the Court concludes that they were presented in the Petition for Rehearing in

---

2. The Supreme Court has recognized a claim of this type—that is, a challenge to the retroactive application of a new statutory interpretation—as a cognizable constitutional claim. *See, e.g., Bouie v. City of Columbia*, 378 U.S. 347, 362, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964) ("We think it clear that the South Carolina Supreme Court, in applying its new construction of the statute to affirm these convictions, has deprived petitioners of rights guaranteed to them by the Due Process Clause.... While such a construction is of course valid for the future, it may not be applied retroactively, any more than a legislative enactment may be, to impose criminal penalties for conduct committed at a time when it was not fairly stated to be criminal.").

language that likely alerted the Supreme Judicial Court of the federal nature of Paulding's constitutional claims.

The Court does not hold that claims stated by Ground Two have merit,[3] but simply that they were presented to the Supreme Judicial Court in a manner that likely alerted the court to their federal nature. As such, Ground Two has been exhausted and is now appropriately before this Court.

## III. CONCLUSION

Accordingly, Allen's Motion to Dismiss [Doc. No. 7] was DENIED.

---

**3.** *See e.g., Lovely v. Cunningham,* 796 F.2d 1, 5 (1st Cir.1986) (rejecting a challenge to the retroactive application of a new interpretation of statutory language because "the elements of the statutory offense were not 'so changed by judicial interpretation as to deny to [petitioner] fair warning of the crime prohibited' ") (quoting *Splawn v. California,* 431 U.S. 595, 601, 97 S.Ct. 1987, 52 L.Ed.2d 606 (1977)).